UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TAJIEN WHITE,  )<br>  )<br>    Petitioner,  )<br>  )<br>vs.  )<br>  )<br>COMMONWEALTH OF MASSACHUSETTS,  )<br>  )<br>    Respondent.  )<br>  ) | Civil Action No.<br>03-12388-RGS |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, the Commonwealth of Massachusetts, through counsel, answers the numbered paragraphs of the petition for writ of habeas corpus as follows:

1. The respondent admits that on September 11, 2000, the petitioner was convicted, after a bench trial, of three counts of rape of a child under sixteen years of age, and that the petitioner was thereafter sentenced to three concurrent terms of eighteen months in a House of Correction and counseling in the discretion of the probation department (along with other conditions). The respondent further admits that the Appeals Court affirmed the petitioner's conviction in a memorandum and order pursuant to Rule 1:28 of the Rules of the Appeals Court, cited as *Commonwealth v. White*, 58 Mass. App. Ct. 1103, 788 N.E.2d 1021 (2003). Furthermore, the respondent admits that the Supreme Judicial Court

    denied the petitioner's application for further appellate review, cited as *Commonwealth v. White*, 439 Mass. 1110, 793 N.E.2d 375 (2003). The respondent denies all other factual allegations and/or characterizations set forth in paragraph 1 of the petition.

2. Admitted.

3. Paragraph 3 of the petition sets forth a legal conclusion, to which no reply is necessary. To the extent that paragraph 3 of the petition sets forth any factual allegations, the respondent denies same.

4(a-d). With respect to the allegations of fact contained in paragraphs 4(a-d) of the petition, the respondent states that the state court record speaks for itself. The respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or with the Massachusetts Appeals Court's recitation of the facts. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief may be granted.

5. Paragraph 5 of the petition sets forth a legal conclusion, to which no reply is necessary. To the extent that paragraph 5 of the petition sets forth any factual allegations, the respondent denies same.

6. Paragraph 6 of the petition sets forth a legal conclusion, to which no reply is necessary. To the extent that paragraph 6 of the petition sets forth any factual allegations, the respondent denies same.

7. Paragraph 7 of the petition sets forth a legal conclusion, to which no reply is necessary.

8.  Paragraph 8 of the petition sets forth a legal conclusion, to which no reply is necessary.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: May 14, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Willie J. Davis, Esq., counsel for the petitioner, on May 14, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Willie J. Davis, Esq., Davis, Robinson & White, L.L.P., Attorneys at Law, One Fanueil Hall Marketplace, South Market Building, Boston, Massachusetts 02109.

Maura D. McLaughlin